| 61 | 513 |
| 70 | 504 |
| 61 | 513 |
| s70 | 502 |
| s96 | 459 |

</div>

# Arthur Adams and Samuel B. Adams v. Thomas Squires and Daniel M. Graham.

1. PAYMENT—*Of One Note by Giving Another.*—Where a new note is given in lieu of an old one it can not be considered *prima facie* a satisfaction of the old note unless there is an expressed or implied agreement that such was the intention of the parties.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

RALPH E. EATON and W. F. Dow, attorneys for appellants.

HENRY MACKAY and D. ALLEMAN, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

Appellee sued appellants on a promissory note, of date 9th of April, 1888, by Arthur and Samuel B. Adams, given appellees, the payees, for $333.59.

The defense to the above note was made by Samuel B. Adams as security on it, that he had by agreement gotten a new note with two other securities on it, to wit, John Zook and A. J. Adams, together with Arthur Adams, the principal, and that his own note was delivered up to him, and appellees accepted the new note in lieu of it, and he was therefore released. The evidence was conflicting on the question as to whether the appellant Samuel B. Adams was intended by both parties to be released from the old note in consequence of giving the new note. The cause was tried by a jury and the verdict was in favor of the appellees, and judgment rendered thereon for the balance due on the first note.

Appellants claim that the giving of the fifth and sixth instructions for the appellees was erroneous. The fifth instruction tells the jury " that the giving of a new note for an old note, where the consideration is the same, is not a payment of the old note unless so expressly agreed and so intended by the parties," * * * " and they must further prove that said Squires and Graham took the said note with the full knowledge of the fact that said Samuel B. Adams had not signed the new note, and the sixth instruction is in substance the same, except as to last clause."

We are clearly of the opinion that those instructions were erroneous. The law appears to be well settled in this State that where a new note is given in lieu of an old one, and nothing is said or done more than that, it should not be considered, *prima facie*, that the old note was satisfied, unless there is an expressed or implied agreement that such was the intention of the parties. In this case the court instructed the jury that the agreement to make the new note a payment of the old one must be expressed. This is not the law; the facts and circumstances must be such as to con-

vince a jury that satisfaction was intended and the agreement may not be expressed. Savings Bank v. Borman et al., 124 Ill. 207; Gildenham, Stone and G. Co. v. Gates Iron Works, 124 Ill. 623, and Chisholm v. Williams, 128 Ill. 102.

We also think the court erred in instructing the jury that the appellant must further prove that appellees, Squires and Graham, took the second note with the full knowledge of the fact that Samuel B. Adams had not signed the new note.

It may have been a fact that Squires and Graham did not expect or care whether Samuel B. Adams was on the new note or not. It was a fact for the jury to determine from the evidence and if they did not intend it, or require it, it was no fraud on them that they had not full knowledge of that fact when they accepted it.

The court allowed Zook to testify as to what Arthur Adams told him, Zook, at the time he signed the new note, as to what Samuel B. Adams should have told him, Arthur, that he, Samuel, was to sign the new note with Arthur.

This ruling is attempted to be supported by the appellees by claiming that Arthur Adams was the agent of Samuel B. Adams in procuring Zook's signature, and therefore Samuel was bound by Arthur's statements. We do not think the evidence shows such to be the fact. Arthur was the principal in the note, and was procuring these signatures for himself and not for Samuel. We think such evidence was, therefore, hearsay, and should have been excluded.

For the errors above noted the judgment of the court below is reversed and the cause remanded.