## Thomas Squires and Daniel M. Graham v. Arthur Adams and Samuel B. Adams.

1. VERDICTS—*Upon Conflicting Evidence.*—It was the peculiar province of the jury to decide the disputed questions of fact involved in this case, and the court is not prepared to say that they decided them incorrectly.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Carroll County; the Hon. J. C. GARVER, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

HENRY MACKAY and DOUGLASS ALLEMAN, attorneys for appellants.

RALPH E. EATON and W. H. A. RENNER, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellants sued in assumpsit to recover on a promissory

note executed by appellees on the 9th of April, 1888, for $333.59 and interest at the rate eight per cent, due one year from date. The defense interposed was that the note had been paid by a new note executed by Arthur Adams, Andrew S. Adams and John Zuck. Before a jury the defense of payment was successful.

It seems from the evidence that the note sued on had been due for some time, and that appellants had been urging Samuel B. Adams, the only solvent maker, to pay it. He was surety on the note for Arthur Adams, and had been keeping the payees from enforcing collection by suit upon representations that he could get Arthur to turn over property to him to pay with. Finally it was agreed between him and the payees, he claims, that a new note for the full amount of the principal and interest, with Arthur Adams, Andrew J. Adams and John Zuck as makers, due in six or seven months, would be accepted in payment. He testified that he procured a note and delivered it to Squires, who, after examining it accepted it, and then delivered to him the old note, which he destroyed.

There was a sharp conflict between his testimony and that of Squires as to what was said when the new note was proposed and as to what occurred when the new note was delivered and the old one surrendered. Squires testified in effect that there was an agreement to accept a new note in the place of the old one, but that Samuel B. Adams was to be one of the makers of such new note. He further testified that when the new note was brought to him he did not scrutinize it closely, but accepted it with the supposition that Samuel B. Adams' name was on it.

Counsel for appellants invoke the aid of the familiar rule of law that the giving and acceptance of a new note in consideration of an old one does not discharge the old obligation. They also contend that if Squires delivered up the old note to Samuel B. Adams under a misapprehension of the fact that Samuel B. Adams had not signed the new note, and Samuel B. Adams was aware of the fact, then appellants have the right to hold the old note as a valid and subsisting obligation.

There is no room. for cavil over the legal propositions involved in this controversy. Whether appellants accepted the new note as payment or as collateral does not arise. Both parties agree that it was understood that when the new note should be accepted it would be in discharge of the old one. The disputed questions of fact were whether Samuel B. Adams' name was to be on the new note and whether, when it was accepted, Squires knew it was not. It was the peculiar province of the jury to decide those questions. We are not prepared to say that they decided them incorrectly.

The instructions given for the defendants seem to be in harmony with the views of this court, so far as they were expressed when the case was heard before. The same may be said of the rulings of the court upon the admission of evidence. Adams v. Squires et al., 61 App. 513. Counsel take issue with us upon the views therein entertained upon the testimony of John Zuck. We still think the testimony of Zuck inadmissible.

We see no reason for reversing the judgment. Judgment affirmed.

CRABTREE, J., took no part.