### Arthur Adams et al. v. Thomas Squires et al.

1. TRIALS BY THE COURT—*Findings upon Conflicting Evidence.*— When the trial is by the court without a jury and there is a conflict in the evidence, and no propositions of law are submitted, the conclusion of the trial judge upon the controverted questions of fact will not be disturbed.

Assumpsit, on promissory note. Appeal from the Circuit Court of Carroll County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

George L. Hoffman and Ralph E. Eaton, attorneys for appellant John H. Zuck.

Henry Mackay and Douglas Alleman, attorneys for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

This was a suit by Thomas Squires and Daniel H. Graham against Arthur Adams, Andrew J. Adams and John H. Zuck, upon a promissory note, the first named defendant being the principal and the others sureties. Zuck filed the general issue and two special pleas, to one of which a demurrer was sustained and on the other issue was joined. There was a trial without a jury, and a finding and judgment for plaintiffs and against defendants for $659.03. Zuck alone appeals.

The instrument here sued upon is the one described as the new note in Adams v. Squires, 61 Ill. App. 513, and Squires v. Adams, 70 Ill. App. 502. Appellees having been defeated in their efforts to recover upon the old note there described, brought this suit upon the new note. There were three main questions of fact litigated : first, whether a promise was made by Arthur Adams, the principal, to Zuck, his surety, that the signature of George B. Adams should be obtained to the new note, and whether Zuck signed on that condition; second, whether, if so, the payees were notified of such promise and conditional signing; and third, whether the payees accepted this note in lieu of the old one. Upon each of these questions there was a sharp conflict in the evidence. It was a disputed question whether Arthur Adams promised Zuck that George B. Adams should sign the note, or only told him that George B. Adams would sign it if the payees were not satisfied with Zuck's signature. It is also doubtful whether Zuck signed upon condition George B. Adams should also sign, or only relied upon the promise of Arthur Adams to procure the signature of George B. Adams; and also whether the payees had any notice that Zuck had signed upon any condition, or were only them-

selves disappointed when they found they had not the additional security of George B. Adams on the new note, as they clearly expected and intended, and supposed when they received the new note. They endeavored to relieve Zuck by bringing suit upon the old surrendered note, on which George B. Adams was a surety, but they were defeated. Their last appeal to this court on the old note was taken under an agreement with Zuck that he would bear part of the cost of the appeal. But for that agreement by Zuck the proof is the appeal would not have been prosecuted. Zuck was, therefore, in one sense, a party to that appeal, and should be treated as bound by that decision.

There is nothing in the condition of the proof which would warrant our disturbing the conclusion of the trial judge upon the controverted questions of fact. Appellant does not in his brief discuss or question any of the rulings of the court upon the evidence. No propositions of law were submitted. No questions of law are presented for decision.

The judgment must therefore be affirmed.